# EXHIBIT C

# FLORIDA PAROLE COMMISSION



## PRESUMPTIVE PAROLE RELEASE DATE COMMISSION ACTION

Inmate Name: **Howard, Robert Earl**    DC #: **082581**    Date of Interview: **9/21/2005**

Institution: **South Bay C.F.**

### I. HEARING EXAMINER'S RECOMMENDATIONS:
A. Eligible for parole consideration: NO☐ If no, state reason(s):

**IF YES☒, THEN:**
B. Salient Factor Score: 1=0, 2=0, 3=0, 4=2, 5=0, 6=0, 7=1,   TOTAL = 3   or RCF _____
C. Offense Severity: Level 6 Degree Capital Felony Offense: **First Degree Murder (1)**, Case No. **81-2362 Polk Co.**
D. Matrix Time Range: **180 to 240 months (top of range)**
E. **Aggravating**/Mitigating Factors *(Explain each with source.*
   A1h: Multiple sentences, to wit:
   Count III of #81-2362, Robbery, 15 years. + 90 months
   Count I of #81-2503, Burglary, Life. + 32 months
   Count II of #81-2503, Battery, 1 year. + 12 months.
   #81-2504, Burglary, 15 years. + 32 months.

   Total of **166 months** in aggravation.

F. Time Begins: **7/6/1981**    G. Months Recommended: **406**    H. Recommended Presumptive Parole Release Date: **5/6/2015**

### II. COMMISSION ACTION:
A. The Commission AFFIRMS the hearing examiner's recommendation that you are NOT eligible for consideration for parole. You will be scheduled for an initial interview _____.
B. The Commission does NOT affirm the hearing examiner's recommendation that you are not eligible for parole consideration and remands the case back to the field for an immediate presumptive parole release date interview and recommendation.
C. The Commission AFFIRMS, without change, the hearing examiner's recommended presumptive parole release date and thereby affirms any aggravating or mitigating factors found above in I.E.
D. The Commission does NOT affirm the hearing examiner's presumptive parole release date and restructures the case as follows:
   1. Salient Factor Score: 1=**0**,2=**0**,3=**0**,4=**2**,5=**0**,6=**0**,7=**1**, TOTAL **3** or RCF _____.
   2. Offense Severity:   Level **6** Degree Capital Felony Offense First Degree Murder Case No. **81-2362A2, Count I**.
   3. Matrix Time Range: **180-240**.
   4. Aggravating/Mitigating Factors *(Explain each with source):*

Set at the top 240 mos.

**AGGRAVATIONS:**
1. Multiple separate offenses, in case #81-2362, Count III, Robbery, 15 yrs C/C             +180 mos.
2. Multiple separate offenses, in case #81-2503, Count I, Burglary, Life C/C              +180 mos.
3. Multiple separate offenses, in case #81-2503, Count II, Battery, 1 yr County Jail (misdemeanor)   + 12 mos.
4. Multiple separate offenses, in case # 81-2504, Burglary, 15 yrs C/C                 +120 mos.
5. The offense in case #2362 was committed against a victim known to be particularly vulnerable; to wit, a 69 year old woman.                                                                                     +180 mos.
6. The offense involved the use of weapons: to wit, a chain and a pillow used to suffocate the victim.   + 60 mos.
                                                                                                          972 mos.

Time Begins Date
3-10-1982 – Date of Sentence
   - 198 – County Jail Time
8-24-1981 – Time Begins Date

Page 1 of 2
PCG-4 (Revised 10/96)                    1 copy to inmate; 1 copy to institution file; original to Central Office file.

# FLORIDA PAROLE COMMISSION




**PPRD COMMISSION ACTION**
Continued from Page 1
HOWARD, Robert, DC# 082581

    5.  Time Begins: <u>8-24-1981</u>  6. Months for Incarceration: <u>972</u>.

At the Commission meeting held <u>11-2-2005</u> your Presumptive Parole Release Date was ESTABLISHED to be <u>8-24-2062</u>. You will be re-interviewed for your <u>subsequent</u> interview during the month of <u>July</u>, 20<u>10</u>.

The Commission finds that your next interview date shall be within 5 years, rather than within 2 years from your last interview based on your conviction/sentence for <u>First Degree Murder</u> and the Commission's finding that it is not reasonable to expect that you will be granted parole during the following years. The basis for this finding is as follows:

1. **Heinous nature of the offense.**
2. **Vulnerability of the victim.**
3. **Escalating pattern of criminal conduct.**

Certified by _____, Commission Clerk, this <u>8th</u> day of <u>October</u>, 20<u>05</u>.

*Nunc pro tunc*

*Copy to visitors notified (4)*                                                                                                                     *cf*

| ITEM 1: NUMBER OF ALL PRIOR CONVICTIONS | |
|---|---|
| • Four or more prior felony convictions at least two or which resulted in incarceration. | = Recidivist Criminal Factor |
| • Three or more prior convictions. | = 2 Points |
| • One or Two prior convictions. | = 1 Point |
| • No prior convictions. | = 0 Points |
| **ITEM 2: NUMBER OF PRIOR INCARCERATIONS** | |
| • Two or more prior incarcerations | = 2 Points |
| • One prior incarceration | = 1 Point |
| • No prior incarceration | = 0 Points |
| **ITEM 3: TOTAL TIME SERVED IN YEARS** | |
| • Two or more years served | = 2 Points |
| • Up to two years served | = 1 Point |
| • No time previously served | = 0 Points |
| **ITEM 4: AGE AT OFFENSE WHICH LED TO THE FIRST INCARCERATION** | |
| • 17 Years or younger | = 2 Points |
| • 18 - 25 Years | = 1 Point |
| • 26 Years or older | = 0 Points |
| **ITEM 5: NUMBER OF PROBATION, PAROLE OR MCR REVOCATIONS** | |
| • One or more revocations | = 1 Points |
| • No Revocations | = 0 Point |
| **ITEM 6: NUMBER OF PRIOR ESCAPE CONVICTIONS** | |
| • One or more prior escape conviction(s) | = 1 Point |
| • No prior escape conviction | = 0 Points |
| **ITEM 7: BURGLARY OR BREAKING AND ENTERING AS THE PRESENT OFFENSE OF CONVICTION** | |
| • Present offense of conviction involves burglary or breaking and entering | = 1 Point |
| • Otherwise | = 0 Points |

23.21.009    **Matrix Time Ranges.** (1) Calculate and total the Salient Factor Score. (2) Determine the degree of felony or misdemeanor of the Present Offense of conviction. (3) Locate the Matrix Time Range where the Salient Factor Score total intersects with the Severity of Offense Behavior. (4) If the totality of the circumstances of the Present Offense of Conviction warrants a decision outside the Matrix Time Range, or if there are indicators relative to the likelihood of favorable parole outcome which warrant a decision outside the Matrix Time Range, the appropriate aggravation or Mitigation factors must be stated in writing with individual particularity.

| SEVERITY OF OFFENSE BEHAVIOR[1] | SALIENT FACTOR SCORE [2] | | | | RECIDIVIST CRIMINAL FACTOR |
|---|---|---|---|---|---|
| | (0-1) | (2-4) | (5-7) | (8-11) | |
| 1. Misdemeanor (Cumulative Sentence of one or more Years) | ≤ 8 | 8-12 | 12-16 | 16-22 | 24-32 |
| 2. Felony 3rd (Statutory Sentence-Maximum of 5 Years) | 12-20 | 20-26 | 26-32 | 32-48 | 48-64 |
| 3. Felony 2nd (Statutory Sentence-Maximum of 15 Years) | 20-26 | 26-32 | 32-48 | 48-64 | 90-120 |
| 4. Felony 1st (Statutory Sentence-Maximum of 30 Years) | 30-70 | 70-90 | 90-120 | 120-180 | 180-300 |
| 5. Felony 1st and Life Felony (Statutory Sentence-Maximum --Life) | 80-100 | 100-120 | 120-140 | 140-180 | 300-400 |
| 6. Capital Felony (Statutory Sentence-Life) | 120-180 | 180-240 | 240-300 | 300-9998 | 400-9998 |

[1] *Length of sentence as well as salient factor score shall be considered when determining the presumptive parole release date.*
[2] *Matrix Time Ranges are reported in months.*

Specific Authority: ss. 120.53, 947.002(1),(2),(6); 947.071, F.S   Law Implemented: s. 947.165, F.S   History: New 9-10-81